IC

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JUL 02 2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

BRENDALYN KING )
)
Plaintiff )
)
) Case Number: 1:25-cv-03293
v. )
) Judge: Matthew F. Kennelly
MIDLAND CREDIT MANAGEMENT, INC., )
MIDLAND FUNDING, LLC, ) Magistrate Judge:
ENCORE CAPITAL GROUP, INC., et al., )
)
Defendants. )

**FIRST AMENDED COMPLAINT**

NOW COMES the Plaintiff, BRENDALYN KING ("Plaintiff"), by and through her own Pro Se capacity, and for her Complaint against Defendants MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING, LLC, and ENCORE CAPITAL GROUP, INC., states as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1692k(d) (FDCPA), 15 U.S.C. § 1681p (FCRA), and 47 U.S.C. § 227(b)(3) (TCPA). Supplemental jurisdiction exists under 28 U.S.C. §§ 1331 and 1367.
2. Venue is proper under 28 U.S.C. § 1391(b)(2) because the events occurred in this District and Plaintiff resides here.

## PARTIES

3. Plaintiff Brendalyn King is a natural person and consumer residing in the Northern District of Illinois.

4. Defendant MIDLAND CREDIT MANAGEMENT, INC. ("MCM") is a is a Delaware corporation with its principal place of business at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108.

5. MCM is a licensed collection agency engaged in collecting consumer debts.

6. Defendant MIDLAND FUNDING, LLC is the debt purchasing affiliate of MCM.

7. Defendant ENCORE CAPITAL GROUP, INC. is the parent company of both MCM and

8. Midland Funding LLC, and manages the collection activities of both entities and directs the operations of its subsidiaries.

9. At all relevant times, Defendant(s) acted as agents, representatives, and/or alter egos of each other and operated in concert to collect debts from consumers, including Plaintiff.

## NATURE OF THE ACTION

10. Plaintiff brings this action seeking actual, statutory, and punitive damages, attorney's fees and costs for violations of:

11. The Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692c(a)(1), 15 U.S.C. 1692d, 15 U.S.C. 1692e, 15 U.S.C. 1692g, and 15 U.S.C.1692k

12. The Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681b(f), 15 U.S.C. 1681q, 15 U.S.C. 1681s-2(b), 15 U.S.C. § 1681n, and 15 U.S.C. § 1681o.

13. The Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1)(A)(iii)

14. The Illinois Collection Agency Act (ICAA) 205 ILCS 740.

15. The Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA), 815 ILCS 505/2.

## FACTUAL ALLEGATIONS

16. Plaintiff received repeated, unsolicited phone calls to her personal cellphone ending in 1111 regarding an alleged debt she does not owe.

17. Defendants failed to provide Plaintiff with a validation notice within five days of their initial communication.

18. Plaintiff revoked any implied consent to be contacted on May 2, 2024, but calls continued.

19. Defendants reported the alleged debt to TransUnion, Experian, and Equifax without verifying its accuracy.

20. Defendants accessed Plaintiff's credit report without permissible purpose.

21. Plaintiff has never had any business, credit, contractual, or service relationship with the Defendants.

22. Defendants' conduct caused Plaintiff emotional distress, reputational harm, and economic injury.

## COUNT I – VIOLATION OF THE FDCPA

23. Plaintiff incorporates by reference all previous paragraphs as if fully set forth within. Defendants violated:

24. 15 U.S.C. § 1692c(a)(1) by calling at times known to be inconvenient.

25. 15 U.S.C. § 1692d by engaging in harassment, including excessive and repeated phone Calls.

26. 15 U.S.C. § 1692e(2) by falsely representing the character, amount, or legal status of the alleged debt.

27. 15 U.S.C. § 1692g by failing to provide a written validation notice within five days of initial communication.

28. 15 U.S.C. § 1692g(b) for failing to validate a debt validation request.

29. 15 U.S.C. § 1692k which provides for civil liability and monetary damages.

## COUNT II – VIOLATION OF THE ICAA

30. Plaintiff incorporates by reference all previous paragraphs as if fully set forth within.

31. Defendants violated the ICAA by:

32. Attempting to collect a debt without proper documentation.

33. Failing to respond to Plaintiff's demand for validation.

34. Employing deceptive practices and communication that caused emotional distress.

## COUNT III – VIOLATION OF THE FCRA

35. Plaintiff incorporates by reference all previous paragraphs as if fully set forth within.

Defendants violated:

36. 15 U.S.C. § 1681b(f) by accessing Plaintiff's credit report without a permissible purpose.

37. 15 U.S.C. § 1681q by using false pretenses to obtain credit reports.

38. 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation after Plaintiff disputed the account.

39. 15 U.S.C. § 1681n and 15 U.S.C. 1681o by engaging in willful and/or negligent noncompliance with FCRA.

## COUNT IV – VIOLATION OF THE TCPA

40. Plaintiff incorporates by reference all previous paragraphs as if fully set forth within.

41. Defendants used an automatic telephone dialing system (autodialer) to contact Plaintiff's cellphone without her prior express consent, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

42. Plaintiff revoked consent on May 2, 2024, yet calls continued, making each call a separate violation.

43. Plaintiff is entitled to statutory damages of $500 per call, and treble damages ($1,500 per call) for willful violations under 47 U.S.C. § 227(b)(3).

## COUNT V – INVASION OF PRIVACY / INTRUSION UPON SECLUSION

44. Plaintiff incorporates by reference all previous paragraphs as if fully set forth within.

45. Defendants intentionally invaded Plaintiff's privacy by persistently contacting her cellphone without consent.

46. Defendants' repeated calls caused intrusion into Plaintiff's private life, especially while she cared for her infant grandchild. These intrusions were offensive, harassing, and emotionally distressing.

## COUNT VI – DECLARATORY RELIEF

47. Plaintiff incorporates by reference all previous paragraphs as if fully set forth within.

48. Plaintiff seeks a judicial declaration that:

49. Plaintiff seeks a declaratory judgment that she does not owe any valid debt to Defendants.

50. Defendants had no right to report or collect on such debt.

51. Defendants obtained Plaintiff's credit reports without permission and continue to furnish inaccurate information.

52. All negative credit reporting related to the account must be deleted

## COUNT VII – IMPERMISSIBLE CREDIT INQUIRIES

53. Plaintiff incorporates by reference all previous paragraphs as if fully set forth within.

54. Defendants pulled Plaintiff's credit reports under false pretenses in violation of 15 U.S.C. § 1681b(f) and 1681q.

55. These unauthorized pulls caused Plaintiff reputational harm, stress, and lower credit scores and future credit opportunities, in violation of the FCRA.

## COUNT VIII – WILLFUL AND WANTON CONDUCT

56. Plaintiff incorporates by reference all previous paragraphs as if fully set forth within.

57. Defendants' repeated violations were not accidental but were systematic and intentional.

58. Their conduct exhibited reckless disregard for Plaintiff's rights and supports an award of punitive damages.

## COUNT IX – DAMAGE TO CREDIT STANDING

59. Plaintiff incorporates by reference all previous paragraphs as if fully set forth within.

60. As a direct result of Defendants' inaccurate reporting, Plaintiff's credit score dropped.

61. Plaintiff was denied credit and suffered reputational harm due to false and derogatory information.

62. Defendants unlawfully accessed Plaintiff's credit reports from TransUnion, Experian, and Equifax without a permissible purpose, violating 15 U.S.C. § 1681q.

## COUNT X – FALSE CREDIT REPORTING

63. Plaintiff incorporates by reference all previous paragraphs as if fully set forth within.3.

64. Defendants knowingly reported false information to Experian, Equifax, and TransUnion, violating the FCRA and ICFA and causing Plaintiff emotional and reputational harm.

65. This reporting was inaccurate, unverified, and constitutes a violation of both FCRA, and FDCPA.

## COUNT XI – VIOLATION OF THE ICFA

66. Defendants engaged in deceptive and misleading practices, including unauthorized access, misleading calls, and inaccurate credit reporting.

67. Such conduct offends public policy, is unethical, and caused substantial consumer injury.

## COUNT XII – VIOLATION OF 7-IN-7 RULE (FDCPA / REGULATION F)

68. Defendants called Plaintiff more than seven times within a seven-day period repeatedly,

regarding the same alleged debt, violating 12 C.F.R. § 1006.14(b)(2).

69. These calls were harassing, excessive, causing undue stress and demonstrate willful noncompliance.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Declare Defendants' conduct unlawful;

b. Award actual damages;

c. Award statutory damages under the FDCPA 15 U.S.C. § 1692k, 15 U.S.C. § 1692k(a), FCRA, 15 U.S.C. § 1681n, 15 U.S.C. § 1681o, and TCPA 47 U.S.C. § 227(b)(3);

d. Award treble damages under the TCPA for willful conduct § 227(b)(3)(C);

e. Order removal of all negative credit reporting;

f. Grant declaratory relief that Plaintiff owes no debt;

g. Award costs and attorney fees;

h. Award any other relief deemed just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right pursuant to rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

DATE 7/2/2025

Brendalyn King

BRENDALYN KING Pro Se Plaintiff
22411 Butterfield Road Apt. 103
Richton Park, IL 60471
Email: fsboninety@yahoo.com