JC

FILED

JUN 04 2026

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRENDALYN KING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:25-cv-03293 |
| | ) | |
| MIDLAND CREDIT MANAGEMENT, INC., | ) | Judge: Matthew F. Kennelly |
| MIDLAND FUNDING, LLC, | ) | |
| ENCORE CAPITAL GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DECLARATION OF BRENDALYN J. KING PURSUANT TO FED. R. CIV. P. 56(d) IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

I, Brendalyn J. King, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct to the best of my knowledge, information, and belief:

**INTRODUCTION**

I am the Plaintiff in the above-captioned action, proceeding pro se. I submit this Declaration pursuant to Federal Rule of Civil Procedure 56(d) in support of my Opposition to Defendants' Motion for Summary Judgment. This Declaration sets forth the specific discovery I sought, was denied, and cannot present to this Court, and explains how that denied discovery prevents me from fully opposing Defendants' Motion for Summary Judgment.

**MY BACKGROUND AND THE NATURE OF THIS PROCEEDING**

**1.** I am 75 years old and a retired employee of the United States Postal Service, where I worked for fourteen years. I have had a stroke and Bell's palsy, conditions that sometimes affect my word retrieval speed when speaking. I am proceeding in this matter without an attorney.

**2.** On March 30, 2026, I was deposed by Defendants' counsel Louis J. Manetti, Jr. at his offices at 111 South Wacker Drive, Chicago, Illinois. This was the first deposition I had ever given in my life. I appeared without legal counsel. The deposition was taken one day before the March 31, 2026 fact discovery deadline.

**3.** Throughout this litigation, I have never had the opportunity to depose any witness for any Defendant. Defendants deposed me on the last day before the discovery deadline, making it impossible for me to take any follow-up discovery based on what was discussed at my deposition.

## DISCOVERY I SOUGHT AND WAS DENIED

**4.** On March 11, 2026, I sent Defendants a detailed meet-and-confer letter identifying deficiencies in their discovery responses. On March 18, 2026, Defendants responded but refused to cure the deficiencies. On March 19, 2026, I attempted a telephonic conference. The parties were at an impasse.

**5.** On March 24, 2026, I filed my Amended Motion to Compel Discovery Responses (Dkt. No. 44) and Amended Memorandum of Law in Support (Dkt. No. 45), seeking the following essential discovery that Defendants refused to produce:

a. The Master Purchase and Sale Agreement dated April 30, 2021, the governing agreement expressly referenced in the Bill of Sale that Defendants rely upon to claim ownership of my account. This document is directly relevant to ownership, assignment

rights, and Defendants' authority to collect the alleged debt. Without the Master Purchase Agreement and its account schedules, it is impossible to determine whether my specific account was actually included in the bulk portfolio transferred to MCM.

b. Complete dialer call detail records and native dialer system records showing how calls to my number were generated, queued, attempted, connected, transferred, and dispositioned. Defendants produced only a summary-level call log export, not the underlying source data from their dialing platform. Without these native records, I cannot verify whether the call log is complete and accurate, or whether it represents a filtered subset of the actual calling history.

c. A recording index identifying each audio recording produced on compact disc by date, time, dialed number, calling number, call direction, and duration. Defendants produced MP3 recordings without any identifying metadata, making it impossible to match any recording to a specific call. The recordings include references to telephone numbers with a 219 area code not associated with me, raising serious concerns about the reliability of Defendants' production.

d. All metadata associated with the MP3 recordings produced on compact disc, to determine whether the recordings were manually exported, renamed, trimmed, altered, or selected from a larger dataset.

e. Documentation of Defendants' telephone dialing equipment and systems, including native records sufficient to determine whether the equipment used to call me constitutes an automatic telephone dialing system under the TCPA, 47 U.S.C. § 227.

**6.** On April 10, 2026, this Court held an in-person hearing on my Motion to Compel (Dkt. No. 50). The Court denied my Motion to Compel and my request for a discovery extension,

for the reasons stated in open court. At that hearing, Defendants' counsel stated in open court that my account was 'bundled up in a pool of other debts and packaged all together' confirming that the Bill of Sale alone does not identify my specific account within the bulk transfer.

**7.** On April 10, 2026, the Court also confirmed that the dispositive motion deadline was April 30, 2026. (Dkt. No. 50.) My deposition had already been taken eleven days earlier, on March 30, 2026 before the Motion to Compel was even heard.

## HOW THE DENIED DISCOVERY PREVENTS ME FROM FULLY OPPOSING DEFENDANTS' MOTION

**8.** THE MASTER PURCHASE AGREEMENT: Defendants' Motion for Summary Judgment relies on the Bill of Sale to establish their ownership of my account. The Bill of Sale expressly states it is 'subject to the terms and conditions of the Master Purchase and Sale Agreement dated April 30, 2021.' The Asset Schedule attached to the Bill of Sale Exhibit A identifies only a bulk lot of Macy's charged-off accounts with all financial data redacted. Exhibit A does not contain my name or my account number. The only document that could establish that my specific account was included in this bulk transfer is the Master Purchase Agreement and its account schedules. Without the MPA, I cannot demonstrate with specificity that my account was not properly included in the transfer, or challenge the terms under which it was purportedly transferred.

**9.** THE CALL RECORDS: Defendants' Motion claims MCM called me 23 times from April 1 to June 6, 2024, and never violated Regulation F. However, their own produced call log Exhibit 3-4 to the Sandra Ross Declaration shows calls beginning as early as April 2022, approximately two years before the period Defendants disclosed in their Motion. Without native dialer records, I cannot verify whether the call log is complete, accurate, or a filtered

subset of the actual calling history. I cannot determine whether Defendants have disclosed the full extent of their calling conduct.

**10.** THE RECORDING EVIDENCE: Defendants produced MP3 recordings on compact disc without any identifying metadata, no call date, call time, dialed number, calling number, or call direction. The recordings include references to telephone numbers with a 219 area code not associated with me. Without a recording index or metadata, I cannot determine which recordings relate to calls made to my number, preventing me from using this evidence in opposing the Motion.

**11.** THE DIALING EQUIPMENT: Defendants' Motion relies on the declaration of Sandra Ross an MCM employee to assert that MCM does not use equipment that randomly or sequentially generates numbers. I was denied the opportunity to depose Sandra Ross and denied discovery into Defendants' native dialing system records that would reveal how calls were generated and queued. Without this information, I cannot adequately challenge Defendants' self-serving denial of autodialer use.

**12.** NO OPPORTUNITY TO DEPOSE ANY DEFENSE WITNESS: I was never permitted to depose Sandra Ross, whose 25-page declaration forms the factual backbone of Defendants' Motion for Summary Judgment, or any other MCM representative. Every factual claim in Defendants' Statement of Material Facts citing 'Ex. 3' covering ownership, corporate structure, calling equipment, and account information rests on the unverified testimony of an interested MCM employee I was never permitted to cross-examine. I note additionally that the Sandra Ross Declaration bears a physically altered execution date the word 'April' is crossed out and replaced with 'MAY' yet I was never given the opportunity to question Sandra Ross about this alteration under oath.

**13.** CORPORATE GOVERNANCE DOCUMENTS: Defendants seek dismissal of Midland Funding, LLC and Encore Capital Group, Inc. on the grounds that I only named them based on their corporate relationship with MCM. However, I was denied discovery into the corporate governance documents, operating agreements, and intercompany arrangements that would establish the precise ownership and control relationships between these three entities. Midland Funding is the legal owner of the alleged account not MCM and their intercompany arrangements directly bear on the liability of each entity.

## THE PROCEDURAL UNFAIRNESS OF THIS PROCEEDING

**14.** Defendants filed a Motion for Extension of Time on April 28, 2026 (Dkt. No. 51), representing to this Court that 'the defendant made settlement overtures to Plaintiff' after the April 10 hearing. This representation is false. I have not received any settlement overtures from Defendants, their counsel, or any representatives of Defendants at any time after the April 10 hearing or at any other time. I formally documented this false statement in my Motion for Reconsideration (Dkt. No. 55) filed May 1, 2026.

**15.** This Court granted Defendants' extension the very next day April 29, 2026 without giving me any opportunity to file an opposition. Throughout this litigation, Defendants received every extension they requested. My single request for a discovery extension was denied. I was deposed the day before the discovery deadline on documents I had not obtained and whose production I was still seeking through the pending Motion to Compel.

## SPECIFIC FACTS I CANNOT PRESENT WITHOUT THE DENIED DISCOVERY

**16.** Pursuant to Fed. R. Civ. P. 56(d), I identify the following specific facts I cannot present due to the denied discovery:

a. Whether my specific account by name and account number appears in the account schedules attached to the Master Purchase Agreement, which would establish or refute Defendants' claim that my account was validly transferred to MCM.

b. Whether the call log produced by Defendants represents a complete and accurate record of all calls made to my telephone number, or whether it is a filtered subset concealing the full duration and extent of the calling campaign going back to at least April 2022.

c. Whether the MP3 recordings produced by Defendants correspond to calls made to my telephone number, and whether those recordings were manually exported, renamed, trimmed, altered, or selected from a larger dataset.

d. Whether the telephone equipment MCM used to call me has the capacity to store or produce telephone numbers using a random or sequential number generator, information contained in native dialer system records that Defendants refused to produce.

e. The actual corporate governance, operational control, and financial relationships between Midland Credit Management, Midland Funding, LLC, and Encore Capital Group information contained in corporate governance documents and the Master Purchase Agreement that Defendants refused to produce.

f. The basis and meaning of the physically altered execution date on the Sandra Ross Declaration, which I was denied the opportunity to explore through a deposition of Sandra Ross.

## RELIEF REQUESTED

For the foregoing reasons, I respectfully request that this Court, pursuant to Fed. R. Civ. P. 56(d), deny Defendants' Motion for Summary Judgment as premature, or in the alternative defer ruling and order production of: (1) the Master Purchase Agreement and account schedules; (2) native dialer system records; (3) a recording index with complete metadata; (4) corporate governance documents establishing the control relationships between Defendants; and (5) an opportunity for me to depose Sandra Ross and at least one MCM technical representative regarding calling equipment and chain of title, before ruling on the pending Motion for Summary Judgment.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 04, 2026, at Richton Park, Illinois.

Brendalyn King

Brendalyn King, Plaintiff, Pro Se
22411 Butterfield Road, Apt. 103
Richton Park, IL 60471
fsboninety@yahoo.com